### H. ABRAMS *v.* S. ULLMAN, ET AL.

**Practice—Malicious Prosecution.**
>    Where an action for malicious prosecution has been reversed by the
> court of appeals and returned to the lower court for trial, plaintiff
> may not then amend his petition by filing counts for slander.

### APPEAL FROM JEFFERSON CIRCUIT COURT.

#### June 20, 1874.

OPINION BY JUDGE PETERS:

After this court had reversed a judgment of the court below in favor of appellant against appellees, the cause was again tried in that court, and appellees having succeeded, appellant now seeks a reversal of the judgment against her. After the return of the cause, appellant produced and asked permission of the court below to file an amended petition, which was refused, and that ruling she complained of as an error prejudicial to her.

The action, as is most manifest, up to the time when the amendment was offered, had been treated as an action for a malicious prosecution, not only from the allegations of the petition itself, but from the instructions asked for by appellant on the first trial, and also from the character of the defense. It had all the characteristics of an action on the case, under the old system of pleading, for a malicious prosecution. For injury to the person, not immediate, but by a regular process of a court, see 1 Chit. Pleading 133.

The amendments tendered were evidently counts in slander, for injury to character, and the two causes of action cannot be joined, according to clauses 5 and 6, § 111, Civil Code, and as held in this court in *Dragoo v. Levi,* 2 Duvall 520.

The court below therefore ruled the law correctly in refusing said amendments to be filed.

The next question we propose to consider is the propriety of the ruling of the court below in giving an instruction in the following language on motion of appellee, Bamberger: "That it devolves on the plaintiff to prove that defendant, J. F. Bamberger, procured or helped to procure the indictment complained of, and as there is no evidence that he procured or helped to procure the indictment, the law is for said defendant, Bamberger, and the jury must so find."

The correct solution of this question necessarily requires some reference to the evidence upon which the prosecution was founded. Ullman, the partner of Bamberger, was a member of the grand jury

which found the indictment against appellant, and it was found on his statement alone to that body. The facts which he stated to them he says he derived from Bamberger, that he told him he had detected the two boys who stole the calico; that he found it in the possession of appellant; that she admitted that she bought it from the boy, N. Goldsmith, for $2.75, when it was worth twice that sum, and that he was satisfied she must have known it was stolen from the price she paid for it when she bought it. He did not state that Bamberger told him that when the calico was asked for, appellant told him she had it, how she got it, what she paid for it, that it was in a most conspicuous place in her house, and that she made no attempt to conceal it, but that all she said as to the manner of her getting it, was true, and that she also said at the time that she did not know it was stolen, and afterward reproached the boy for selling her stolen goods, all of which there is evidence conducive to establish. There is also evidence in the case that Ullman and Bamberger, both at appellant's house, after upbraiding and reproaching her for alleged dishonest conduct, threatened to prosecute her and to send her to the penitentiary at the cost to them of a "great sum." Then, with other facts proven, which we deem it unnecessary to recite, they tendered in some degree to show that the prosecution was groundless, and that Bamberger took some part in it.

We may add that appellant was not tried before Judge Price, and many facts tending to exonerate her do not appear to have been disclosed to him. Nor does it appear that the communication made by Bamberger to Ullman was in subordination to the advice of Judge Price, and the prosecuting attorney in his court.

After the instruction herein copied, follow three others in the record, but whether or not they were given does not appear. We conclude, however, they were not, as they would have been wholly unnecessary after the one commented on was given; but as there may be some uncertainty about them, we may say that we cannot approve them. In one, certain facts are enumerated from the evidence, and special importance given to them to the obscurement of others; and in another, too much importance is given to what Judge Price said to the officer who arrested Goldsmith. The last we do not consider particularly objectionable.

We approve the judgment in favor of Ullman. But for the reasons herein stated the judgment in favor of Bamberger is *reversed,*

and the case remanded for new trial and for further proceedings consistent herewith.

*Mundy, for appellant.*
*Muir Bijou & Davie, for appellees.*